IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-2542

ALYSSA SCHUKAR
      Plaintiff,

v.

ALLSIDES TECHNOLOGIES, INC. d/b/a ALLSIDES, and
DOES 1 through 10 inclusive, whose true names are unknown.

      Defendants.

---

**PLAINTIFF'S COMPLAINT FOR COPYRIGHT INFRINGMENT AND DEMAND FOR JURY TRIAL**

---

Plaintiff, Alyssa Schukar, alleges as follows:

### JURISDICTION AND VENUE

1. This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101 *et seq*.

2. This Court has subject matter jurisdiction over Plaintiff's claim for copyright infringement pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

1
COMPLAINT

3. This court has personal jurisdiction over Defendant because Defendant's acts of infringement complained of herein occurred in the state of Colorado, Defendant's acts of infringement were directed towards the state of Colorado, Defendant caused injury to Plaintiff within the state of Colorado, and Defendant has a physical presence in the state of Colorado.

4. Venue in this judicial district is proper under 28 U.S.C. § 1391(b)-(d) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

5. Plaintiff Alyssa Schukar ("Schukar") is an individual and professional photographer by trade.

6. Defendant, AllSides Technologies, Inc. d/b/a AllSides ("AllSides" or "Defendant") is a Delaware corporation with a principal place of business in Denver, Colorado.

7. Plaintiff is unaware of the true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, and for that reason, sues such Defendants under such fictitious names. Plaintiff is informed and believes and, on that basis, alleges that such fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by the conduct of said Defendants. Plaintiff will

seek to amend the complaint when the names and capacities of such fictitiously named Defendants are ascertained. As alleged herein, "Defendant" shall mean all named Defendants and all fictitiously named Defendants.

8. For the purposes of this Complaint, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives and insurers of the Defendants named in this caption.

## FACTUAL ALLEGATIONS

9. Plaintiff Schukar is a professional photographer specializing in editorial photography and photojournalism.

10. Schukar's work has been featured in top publications such as *New York Times*, *Wall Street Journal*, *Chicago Magazine*, *The Smithsonian Magazine*, and more.

11. Schukar's portfolio can be viewed on her website, *alyssaschukar.com*.

12. Schukar is the author and rights holder to four images which are the subject of this suit ("Gun Rally Photograph," "Duckworth Photograph," "Harvey Photograph," and "Pelosi Photograph.").

13. The Gun Rally Photograph, the Duckworth Photograph, the Harvey Photograph, and the Pelosi Photograph shall be referred to jointly as the Infringed Photographs.

14. Attached hereto as Exhibit A is a true and correct copy of the Gun Rally Photograph.

15. Attached hereto as Exhibit B is a true and correct copy of the Duckworth Photograph.

16. Attached hereto as Exhibit C is a true and correct copy of the Harvey Photograph.

17. Attached hereto as Exhibit D is a true and correct copy of the Pelosi Photograph.

18. Alyssa Schukar registered the Gun Rally Photograph with the United States Copyright Office under Registration Number VA 2-207-314 with an Effective Date of Registration of May 15, 2020.

19. Attached hereto as Exhibit E is a true and correct copy of the Registration Certificate VA 2-207-314.

20. Alyssa Schukar registered the Duckworth Photograph with the United States Copyright Office under Registration Number VA 2-125-103 with an Effective Date of Registration of January 24, 2018.

21. Attached hereto as Exhibit F is a true and correct copy of the Registration Certificate VA 2-125-103.

22. Alyssa Schukar registered the Harvey Photograph with the United States Copyright Office under Registration Number

VA 2-089-315 with an Effective Date of Registration of January 24, 2024.

23. Attached hereto as Exhibit G is a true and correct copy of the Registration Certificate VA 2-089-315.

24. Alyssa Schukar registered the Pelosi Photograph with the United States Copyright Office under Registration Number VA 2-276-439 with an Effective Date of Registration of October 20, 2021.

25. Attached hereto as Exhibit H is a true and correct copy of the Registration Certificate VA 2-276-439.

26. According to its Website, AllSides is a news outlet which publishes news stories along with a rating of political bias. *See generally* www.allsides.com/about.

27. Allsides is currently listed as "noncompliant" with the Colorado Secretary of State.

28. Attached hereto as Exhibit I is a true and correct screenshot of the Colorado Secretary of State website showing Allsides' current status.

29. AllSides manages, operates, and controls the website www.allsides.com/ ("Defendant's Website").

30. Despite Allsides noncompliant business status, Defendant appears to be conducting business, as their website remains active and updated as of the time of this filing.

31. Attached hereto as Exhibit J is a true and correct screenshot of Defendant's Website's home page as of September 4, 2024, showing Defendant's Website is still active.

32. On information and belief, Defendant's Website generates content in order to attract user traffic to the Defendant's Website and generate profit and revenue for the company and its owner(s) through such user traffic.

33. On or about March 5, 2024, Alyssa Schukar discovered her Gun Rally Photograph copied and published within an article titled "How Trump's Worldview Is Ingrained in State and Local Republicans" ("Gun Rally Infringement").

34. Attached hereto as Exhibit K are true and correct screenshots of Defendant's Website showing the Gun Rally Infringement.

35. On or about March 5, 2024, Alyssa Schukar discovered her Duckworth Photograph copied and published within an article titled "Tammy Duckworth Is Nothing and Everything Like Joe Biden" ("Duckworth Infringement").

36. Attached hereto as Exhibit L are true and correct screenshots of Defendant's Website showing the Duckworth Infringement.

37. On or about March 5, 2024, Alyssa Schukar discovered her Harvey Photograph copied and published within an article titled "In Houston, Anxiety and Frantic Rescues as Floodwaters Rise" ("Harvey Infringement").

38. Attached hereto as Exhibit M are true and correct screenshots of

Defendant's Website showing the Harvey Infringement.

39. On or about March 5, 2023, Alyssa Schukar discovered her Pelosi Photograph copied and published within an article titled "Pelosi Faces Lawmakers Frustrated Over Loss of House Seats" ("Pelosi Infringement").

40. Attached hereto as Exhibit N are true and correct screenshots of Defendant's Website showing the Pelosi Infringement.

41. Alyssa Schukar has never at any point granted Defendant a license or other permission to copy, display, distribute, or otherwise use the Infringed Photographs on Defendant's Website or elsewhere.

42. Defendant, including its employees, agents, contractors, or others over whom it has responsibility and control, copied and uploaded the Infringed Photographs to Defendant's Website without Alyssa Schukar's consent or authorization.

43. Schukar is informed and believes that the purpose of the use of the Infringed Photographs on Defendant's Website was to make the articles on AllSides' website more readable or attractive by including a high-quality, professionally-produced photograph.

44. Soon after discovering the Infringed Images on Defendant's Website, Alyssa Schukar, through counsel, reached out to Defendant to attempt to resolve this matter without court intervention, but the parties were unable to come to an

agreement.

45. On information and belief, Defendant's use of the Infringed Photographs was deliberate and willful because it knew or should have known that it did not purchase a license to use the Infringed Photographs on Defendant's Website.

## CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT
## 17 U.S.C. § 101 *et seq*

46. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

47. Plaintiff did not consent to, authorize, permit, or allow in any manner the said use of Plaintiff's unique and original Infringed Photographs.

48. Plaintiff is informed and believes and thereon alleges that the Defendant willfully infringed upon Plaintiff's copyrighted Infringed Photographs in violation of Title 17 of the U.S. Code, in that they used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique Infringed Photographs without Plaintiff's consent or authority by using the Infringed Photographs on Defendant's Website.

49. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to any actual damages pursuant to 17 U.S.C. §504(b), or statutory damages pursuant to 17 U.S.C. § 504(c).

50. As a result of the Defendant's violations of Title 17 of the U.S. Code,

the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C § 505 from Defendant.

51. Plaintiff is also entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

52. Defendant(s)—including its employees, agents, contractors or others over whom it has responsibility and control—copied and uploaded the Infringed Photographs to Defendant's Website without Alyssa Schukar's consent or authorization.

53. AllSides (including its employees, agents, contractors or others over whom it has responsibility and control) willfully uploaded the Infringed Photographs onto Defendant's Website because AllSides knew it did not have permission to use the Infringed Photographs.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

- For a finding that Defendant infringed Plaintiff's copyright interest in the Infringed Photographs by copying, displaying, and distributing it without a license or consent;

- For an award of actual damages and disgorgement of all of profits attributable to the infringement as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an

award for statutory damages against Defendant in an amount up to $150,000 for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

- For an injunction preventing Defendant from further infringement of all copyrighted works of the Plaintiff pursuant to 17 U.S.C. § 502;

- For costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

- For prejudgment interest as permitted by law; and

- For any other relief the Court deems just and proper.

Dated: September 16, 2024                    Respectfully submitted,

**/s/ Theodore Sell**
Theodore Sell, Esq.
Bar No. 44571
**HIGBEE & ASSOCIATES**
3110 W Cheyenne Ave Ste 200,
North Las Vegas, NV 89032
(813) 710-3013
(714) 597-6559 facsimile
*Counsel for Plaintiff*

## **DEMAND FOR JURY TRIAL**

Plaintiff Alyssa Schukar hereby demands a trial by jury in the above matter.

Dated:       September 16, 2024               Respectfully submitted,


**/s/ Theodore Sell**
Theodore Sell, Esq.
Bar No. 44571
**HIGBEE & ASSOCIATES**
3110 W Cheyenne Ave Ste 200,
North Las Vegas, NV 89032
(813) 710-3013
(714) 597-6559 facsimile
*Counsel for Plaintiff*